UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA D WHITE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANTHEM LIFE INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-01941-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 32, 37 |

Pending before the Court are the parties' motions for summary judgment. Dkt. Nos. 32, 37. The Court held a hearing on the motions on June 27, 2019. Dkt. No. 46. Having considered the parties' arguments, the Court **GRANTS** Defendant's motion for summary judgment and **DENIES AS MOOT** Plaintiff's cross motion for summary judgment.

## I.　BACKGROUND

Plaintiff Patricia White filed this Employee Retirement Income Security Act of 1974 ("ERISA") action on March 29, 2018 against Defendants Anthem Life Insurance Company ("Anthem"), Merced Systems, Inc. ("Merced Systems"), and Merced Systems Health and Welfare Plan. Dkt. No. 1 ("Compl."). Ms. White voluntarily dismissed Defendants Merced Systems and Merced Systems Health and Welfare Plan on January 23, 2019, making Anthem the only remaining Defendant. Dkt. No. 31.

### A.　The Plan

Ms. White was a participant in Merced System's employee welfare plan, governed by ERISA and issued by Anthem (the "Plan"). Dkt. No. 37-1, Declaration of Zanita Miller ("Miller Decl.") ¶ 3. The Plan provides benefits for qualifying long-term injuries and/or illnesses. Dkt.

No. 37-2, Ex. A at 023.[1] As outlined in the "Anthem Life Group Long Term Disability Insurance Benefits Guide" ("Plan Guidelines"), when submitting a claim for benefits, a participant must include a "Written Proof of Disability or other loss" which should have information from a participant's physician about the participant's medical conditions. *Id*. at 046.

If Anthem denies a benefits claim, a participant may appeal by sending a request "in writing . . . no more than 180 days after You receive notice of Our claim decision." *Id*. at 048. Anthem will advise a beneficiary of its determination within forty-five days after it receives a participant's request for review. *Id*. Its decision will be in writing and will include a notice to the participant of her right to bring a civil action. *Id*. Per the Plan Guidelines, a participant may only commence "[l]egal action with respect to a claim that has been denied, in whole or in part," after she has obtained Anthem's "reconsideration of that claim." *Id*. Legal action cannot be taken "more than 3 years after Written Proof of loss was required." *Id*.

### B. Plaintiff's Coverage Under the Plan

On October 11, 2012, in a written letter to Ms. White, Anthem approved her long-term disability benefits claim after determining that her condition met the qualifying definition of disability under the Plan. Dkt. No. 37-3, Ex. B at 004. The letter informed Ms. White that her long-term disability coverage became payable on April 2, 2012, and would expire after twenty-four months, on April 2, 2014, after which she would have to prove that she was "unable to perform any occupation for which you are qualified by your education, training, or experience" to continue receiving long-term disability benefits.[2] *Id*.

In March 2014, Ms. White made a request to continue her long-term disability benefits. *See* Dkt. No. 36 at CR 851. Before receiving any determination from Anthem, Plaintiff's counsel sent a letter dated September 25, 2014 to Anthem, requesting that Anthem "inform me immediately of the status of Ms. White's benefits claim" and provide a copy of the claim file and

---

[1] All references to lettered exhibits are attached to the Miller Declaration, Dkt. No. 37-1. All references to "CR" are exhibits attached the declarations of Julian M. Baum, Dkt. Nos. 33, 36.

[2] According to Anthem's October 11, 2012 letter, the start date of Ms. White's long-term disability coverage was calculated based on "the longer of 90 days [after her disability date of December 26, 2011] or the end of Short Term Disability." Dkt. No. 37-3, Ex. B at 005. Ms. White's short-term disability benefits were "paid through April 1, 2012." *Id*.

2

other requested documentation. *Id*. Plaintiff's counsel also "reserve[d] Ms. White's rights under ERISA and the benefits plan to appeal, in the event that Anthem has made any adverse determination." *Id.* Plaintiff's counsel made clear that the letter was "(obviously) not a full statement of her appeal," and said that Ms. White "will be able to make and support that full statement of her appeal only after we have received the claim file and information requested below." *Id*.

By letter dated October 1, 2014, Anthem denied Ms. White's request for disability benefits beyond the two-year period. Dkt. No. 33 at CR 189–93. The letter explained that Anthem carefully reviewed her medical information and determined that based on a "complete review of the medical documentation," Ms. White had the capacity to perform "gainful sedentary work" and therefore did not meet the Plan's definition "of disability beyond 24 months." *Id*. at 190–92. In the letter, Anthem also reiterated the procedures Ms. White had to follow if she wished to appeal Anthem's decision. *Id*. at 192. Specifically, Ms. White had "180 days [from] receipt of this letter" to file an appeal in writing, and had the right to bring an "action in federal court under ERISA Section 502(a) if you file an appeal and your request for benefits is denied following our review." *Id*.

The parties do not dispute that Ms. White did not appeal Anthem's decision denying her continuing long-term benefits after receiving Anthem's October 1, 2014 letter. On April 30, 2015, in response to an April 22, 2015 letter from Plaintiff's counsel requesting an explanation of what was needed to "perfect" Ms. White's claim, Anthem informed Ms. White that the period for appeal had passed. Dkt. No. 37-3, Ex. B at 007 ("The [October 1, 2014] letter also advised that Ms. White had 180 days, from receipt of the letter, to submit an appeal if she disagreed with the claim decision. This period has now passed.").

Ms. White brought this action seeking review of Anthem's denial of her continuing long-term disability benefits. *See* Compl. ¶ 1. She alleges three causes of action: (1) benefits due under the Plan pursuant to ERISA Section 502(a)(1)(B); (2) breach of fiduciary duties under ERISA; and (3) statutory penalties under ERISA Section 502(a)(1)(A). *See id.* ¶¶ 3–17.

3

## II. LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* The Court views the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence or make credibility determinations." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

The moving party bears both the ultimate burden of persuasion and the initial burden of producing those portions of the pleadings, discovery, and affidavits that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will not bear the burden of proof on an issue at trial, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Where the moving party will bear the burden of proof on an issue at trial, it must also show that no reasonable trier of fact could not find in its favor. *Celotex Corp.*, 477 U.S. at 325. In either case, the movant "may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." *Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1105. "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id.* at 1102–03.

"If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."

1  *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. A nonmoving party must also "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). If a nonmoving party fails to produce evidence that supports its claim or defense, courts enter summary judgment in favor of the movant. *Celotex Corp.*, 477 U.S. at 323.

**III. DISCUSSION**

Anthem moves for summary judgment, contending that the undisputed evidence establishes that Ms. White failed to exhaust her administrative remedies. Dkt. No. 37 ("Mot.") at 5–9. Ms. White argues that the Court should reverse and overrule Anthem's termination of her long-term disability benefits because, "as a matter of law, [the] termination violated at least two independent requirements of Ninth Circuit law under ERISA." Dkt. No. 32 at 6–19. The Court agrees with Anthem that Ms. White did not exhaust her administrative remedies. Because the Court finds this threshold issue dispositive, the Court need not address Anthem's other arguments or Plaintiff's motion for summary judgment.

**A. Plaintiff Was Required To Exhaust Her Administrative Remedies**

It is well-settled that an ERISA plaintiff claiming a denial of benefits "must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *See Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008) (quotations and citation omitted). This exhaustion requirement "is a creation of the federal courts . . . and is not written into the statute," and so is properly construed as a "prudential rather than jurisdictional requirement." *Mack v. Kuckenmeister*, 619 F.3d 1010, 1020 (9th Cir. 2010) (citing *Vaught*, 546 F.3d at 626). However, "a claimant need not exhaust when the plan does not require it." *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1299 (9th Cir. 2014). To determine whether a plan requires exhaustion, a court looks to whether it "contains language which could reasonably be read as making optional the administrative appeals process." *See id.*; *see also id.* at 1298 (citing concern that "[w]here plan documents could fairly be read as suggesting that exhaustion is not a mandatory prerequisite to bringing suit, claimants may be affirmatively misled by language that appears to make the exhaustion requirement permissive

5

when in fact it is mandatory as a matter of law").

The Court finds that the Plan requires exhaustion as a mandatory prerequisite to bringing suit. The "Claim and Payment Provisions" section of the Plan Guidelines expressly requires exhaustion of internal procedures before a participant may commence judicial action. *See* Dkt. No. 37-2, Ex. A at 048 ("Legal action with respect to a claim that has been denied, in whole or in part, shall be contingent upon having obtained Our reconsideration of that claim."). The Plan also makes clear that to obtain "reconsideration" of a denied claim, a participant must appeal any adverse determination "no more than 180 days after" receiving notice of Anthem's decision. *Id.* Anthem's October 1, 2014 letter reminded Ms. White of the appeal process, as well as of her "right to bring action in federal court under ERISA Section 502(a) if you file an appeal and your request for benefits is denied following our review." Dkt. No. 33 at CR 192.

The undisputed evidence establishes that Ms. White was required to exhaust her administrative remedies as set forth in the Plan Guidelines before filing this action.

### B. Plaintiff Failed To Exhaust Administrative Remedies

The Court next considers whether Ms. White exhausted her administrative remedies prior to bringing this action. Ms. White does not dispute that she did not submit an appeal *after* receipt of Anthem's October 1, 2014 letter. Instead, she argues that Anthem "terminated payment of plaintiff's benefits on April 2, 2014," and therefore her September 25, 2014 letter constituted an appeal. Dkt. No. 44 ("Opp.") at 7. Ms. White also attacks the sufficiency of the October 1, 2014 letter as "legally ineffective to trigger any 180-day deadline to make or complete a further appeal." Opp. at 9–12.

#### i. The September 25, 2014 Letter Was Not An Appeal

The Court finds that even viewing the evidence in the light most favorable to Ms. White, her September 25, 2014 letter was not an appeal as defined by the Plan. That Ms. White's long-term disability benefits automatically terminated on April 2, 2014 does not establish that Anthem made any decision on that date as to whether she was entitled to continuing benefits. Such an approach, where the appeal period would run from the "date of termination of benefits rather than from the later denial date," would, in some cases, mean that a claimant's time to appeal "will have

6

run before it even learns of the denial." *See* Dkt. No. 45 ("Reply") at 4 n.2. The Court agrees with Anthem that this reading cannot be correct and would deprive some participants of their right to appeal in the first instance. *See id.*

Further, the evidence in the record does not support, and in fact contradicts, Ms. White's assertion that her September 25, 2014 letter was an appeal. Anthem sent Ms. White its decision to deny continuing benefits on October 1, 2014. Dkt. No. 33 at CR 189–93. Before receiving that letter, Plaintiff's counsel, in the September 25, 2014 letter, asked Anthem to "inform me immediately of the status of Ms. White's benefits claim." Dkt. No. 36 at CR 851. Plaintiff's counsel also made sure to clarify that the letter was "(obviously) not a full statement of her appeal" but to "reserve Ms. White's rights under ERISA and the benefits plan to appeal, in the event that Anthem has made any adverse determination." *Id.* Clearly, even drawing all inferences in Ms. White's favor, the record reflects that the September 25, 2014 letter was not an appeal, notwithstanding Plaintiff's current litigation position.

In summary, the undisputed record shows that Ms. White did not file an appeal after Anthem's decision on October 1, 2014, meaning that she failed to exhaust her administrative remedies.

### ii. Anthem's October 1, 2014 Letter Was Not Legally Deficient

Ms. White next argues at length that her administrative remedies should be deemed exhausted because of alleged legal deficiencies in Anthem's decision letter. *See* Opp. at 9–12. Specifically, Ms. White alleges that the October 1, 2014 letter lacked "specific additional information she must provide to support her benefits claim, why it is needed, and why the medical information already on file is insufficient." *Id.* at 9 (citing *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 679 (9th Cir. 2011) and *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 870 (9th Cir. 2008)).

ERISA requires that a plan provides "adequate notice in writing to any participant or beneficiary" whose claim has been denied, and sets forth "the specific reasons for such denial, written in a manner calculated to be understood by the participant." 29 U.S.C. § 1133(1). An adverse benefit determination notice must also provide references to the specific plan provisions

7

1 on which the determination is based, a description of any additional information necessary to
2 perfect the claim and an explanation of why such information is necessary, and a description of the
3 review procedures and time limits. 29 C.F.R. § 2560.503-1(g)(2).

4 In arguing that Anthem's October 1, 2014 letter was "legally ineffective," Ms. White
5 focuses on a single sentence in the letter: "Your request [for an appeal] should clearly state your
6 position and should include any other documents, records or information in support of your
7 appeal." Opp. at 11 (citing Dkt. No. 33 at CR 192). Without explaining why, Ms. White asserts,
8 in conclusory fashion, that the foregoing statement was "generic" and lacked an explanation as to
9 "what more *this claimant* needed to support her claim to Anthem's satisfaction." *Id*. But Ms.
10 White ignores the many pages explaining in detail why Anthem denied her claim. *See* Dkt. No. 33
11 at CR 190–92. Anthem's letter incorporated substantial information from Ms. White's medical
12 records, reviewed her medical history, and explained Anthem's assessment procedure and review
13 criteria. *Id.* Anthem also explained that a nurse consultant reviewed Ms. White's medical file,
14 and her file was referred for a "Transferable Skills Assessment" to determine whether she could
15 perform any gainful sedentary occupations. *Id*. Because Anthem determined that Ms. White had
16 the capacity to perform gainful sedentary work, it concluded that she did not meet the Plan's
17 definition of disability, which was set out in the letter furnished to Ms. White. *Id*. at 189. The
18 letter invited Ms. White to submit a copy of her Social Security Disability Income award letter,
19 detailed what she needed to do to appeal, and explained how she could request, "at no charge,
20 [r]easonable access to and copies of all documents, records, and other information relevant to your
21 claim." *Id*. at 192.

22 Contrary to Ms. White's argument, the undisputed facts in the record demonstrate that
23 Anthem's decision provided Ms. White meaningful notification of its adverse benefit
24 determination, including how to appeal the decision, and therefore was not "legally ineffective."
25 Ms. White cannot show that her claims should be deemed exhausted.

26 **IV. CONCLUSION**

27 Ms. White failed to exhaust her administrative remedies before seeking judicial review.
28 Accordingly, the Court **GRANTS** Anthem's motion for summary judgment for failure to exhaust,

8

and **DENIES AS MOOT** Ms. White's motion for summary judgment. The Court directs the Clerk to enter judgment in Anthem's favor and close the case.

**IT IS SO ORDERED.**

Dated: 9/4/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

9